UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXWORKS CAPITAL, LLC, and WORLD TRADE FINANCE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RANDOLPH ABRAHAMS, et al. <br><br> Defendants. | 20 C 7033 <br><br> Judge Charles P. Kocoras |

# ORDER

Before the Court is Plaintiffs ExWorks Capital, LLC ("ExWorks") and World Trade Finance, LLC's ("World Trade Finance") (collectively, "Plaintiffs") motion to remand this action to the Circuit Court of Cook County based on lack of subject matter jurisdiction. For the following reasons, the Court will grant the motion.

# STATEMENT

Plaintiff ExWorks is a debt fund that provides liquidity to businesses in need of financing. Plaintiff World Trade Finance is a wholly-owned subsidiary of ExWorks that works as a United States Small Business Administration ("SBA") lender. Defendants Randolph Abrahams ("Abrahams"), Andrew Hall ("Hall"), and Luke LaHaie ("LaHaie") are former employees and executives of ExWorks and World Trade Finance. Each left the companies by August 2020.

Defendant ACAP SME, LLC ("ACAP SME") and ACAP Fund GP, LLC ("ACAP Fund") (collectively, the "ACAP Companies") are Delaware limited liability companies. Abrahams is the sole member of ACAP SME and both LaHaie and Abrahams are managers of ACAP Fund. Defendant RedRidge Finance Group ("RedRidge Finance") is a Delaware limited liability company. Abrahams is one of its two managers and has served as its Chief Executive Officer since its inception in December 2008. RedRidge Finance provides financial diligence services and its largest client is ExWorks. Defendant RedRidge Lender Services ("RedRidge Lender Services") is a subsidiary of RedRidge Finance.

Plaintiffs allege various acts of fraud by Abrahams, Hall, and LaHaie. Most relevant to the question of our jurisdiction is the alleged fraud related to the Paycheck Protection Program ("PPP"). The PPP was part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and was designed to assist small businesses negatively impacted by the COVID-19 Pandemic. World Trade Finance processed approximately 3,450 loans for three financial institutions under the PPP when it began in 2020. Plaintiffs allege that Abrahams, LaHaie, and RedRidge Finance converted SBA loans from World Trade Finance to RedRidge Finance and used the ACAP Companies to diminish fees from one of the financial institutions serviced by World Trade Finance. Additionally, Plaintiffs allege that Abrahams and LaHaie diverted opportunities from World Trade Finance to the ACAP Companies and stole an opportunity to acquire a company called The Loan Source.

2

Based on these facts, Plaintiffs filed a 16-count complaint in the Circuit Court of Cook County. Plaintiffs allege various state-law claims, including breach of contract, fraudulent concealment, conversion, and breach of fiduciary duties. Plaintiffs do not claim any violations of federal law. Plaintiffs seek injunctive and monetary relief. Plaintiffs moved for a preliminary injunction before the state court seeking to: enjoin Defendants from acquiring The Loan Source, enjoin Defendants engaging in PPP loan servicing work during the pendency of the litigation, and appoint a receiver to administer all past and future funds collected by Defendants for PPP loan servicing during the pendency of the litigation.

Defendants removed the action to this Court, arguing that the injunctive relief requested by Plaintiffs is barred by federal law. Plaintiffs now move to remand the case to the Circuit Court of Cook County.

A case filed in state court may be removed by a defendant if the plaintiff could have originally filed it in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The burden of demonstrating the propriety of removal falls on the removing party. *Betzner v. Boeing Co.*, 910 F.3d 1010, 1014 (7th Cir. 2018). Federal subject matter jurisdiction exists in two instances: federal question and diversity of citizenship. 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Defendants seek to invoke our federal question jurisdiction under Section 1331.[1] Defendants argue that a federal question exists because the injunction sought by Plaintiffs amounts to an injunction against the SBA, which is prohibited by the SBA enabling statute.

Under Section 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). When a plaintiff's claims arise only under state law, the Supreme Court has "identified a 'special and small category' of cases in which [federal question] jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice*, 547 U.S. at 699). "[F]ederal question jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*; see *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314 (2005). Critically, "a potential federal defense is not enough to create federal jurisdiction under [Section] 1331." *Chicago Tribune Co. v. Bd. of Tr. of Univ. of Ill.*,

---

[1] Defendants do not attempt to invoke our diversity jurisdiction as there is not complete diversity among the parties.

680 F.3d 1001, 1003 (7th Cir. 2012). Additionally, the Seventh Circuit has noted that the inquiry under *Grable* and *Gunn* "rarely results in a finding of federal jurisdiction." *Evergreen Square of Cudahy v. Wisconsin Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 466 (7th Cir. 2015).

Applying this framework, we do not believe that Plaintiffs' claims "arise under" federal law. This conclusion follows from Supreme Court, Seventh Circuit, and Northern District precedent.

In *Grable*, the plaintiff brought a state law quiet title action against a tax sale purchaser, alleging that the Internal Revenue Service ("IRS") did not give him adequate notice of the tax sale under federal law. 545 U.S. at 314–15. The Supreme Court determined that federal question jurisdiction existed because the dispute "centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases." *Empire Healthchoice*, 547 U.S. at 700 (discussing *Grable*, 545 U.S. at 313). In other words, the claims "presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases." *Id.*

In *Empire Healthchoice*, the plaintiff, which administered a health insurance program for federal employees, sued the defendant in federal court to recover fees from the defendant under a subrogation clause in the insurance policy. *Id.* at 683. The defendant had received those fees after settling a state-law tort lawsuit. *Id.* The plaintiff

5

argued that the claim arose under federal law because the policy's terms were negotiated by the federal Office of Personnel Management under the Federal Employee Health Benefits Act of 1959. *Id* at 682–85.

The Supreme Court held that there was no federal question jurisdiction and that the facts were "poles apart from *Grable*." *Id.* at 700. The Supreme Court determined that the "reimbursement claim was triggered, not by the action of any federal department, agency, or service, but by the settlement of a personal injury action launched in state court." *Id.* Moreover, the "bottom-line practical issue" was not the resolution of a federal question, but determination of "the share of [the] settlement property payable to Empire." *Id.* While *Grable* "presented a nearly 'pure issue of law,'" *Empire Healthchoice* involved a "fact-bound and situation-specific" inquiry. *Id.* at 700–01. Therefore, the Supreme Court concluded that "[t]his case cannot be squeezed into the slim category *Grable* exemplifies." *Id.* at 701.

In *Gunn*, the plaintiff brought a state-law legal malpractice case stemming from his attorney's failure to make an argument in a patent infringement case. 568 U.S. at 259. The Supreme Court determined that a federal issue was necessarily raised because the state law claim requires a "case within a case" analysis "[t]hat will necessarily require application of patent law to the facts of [the plaintiff's] case." *Id.* However, the Supreme Court ultimately concluded that there was no federal question jurisdiction because the federal question was raised "in a merely hypothetical sense" and any

6

resolution of a federal question would not "'be controlling in numerous other [patent] cases.'" *Id.* at 262 (quoting *Empire Healthchoice*, 547 U.S. at 700).

Moreover, in *Bennett v. Southwest Airlines, Co.*, the plaintiff brought state law tort claims after an airplane skidded off a runway, killing one person and injuring twelve others. 484 F.3d 907, 908 (7th Cir 2007). Applying *Grable* and *Empire Healthchoice*, the Seventh Circuit determined that the state law claims did not arise under federal law because it involved "a fact specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law." *Id.* at 910. Therefore, there was no federal question jurisdiction over the claims. *Id.* at 912.

Finally, in *McKerr v. Board of Trade of the City of Chicago, Inc.*, the plaintiff brought claims of breach of fiduciary duty and breach of contract after the defendants, two corporations that operated derivative exchanges, attempted to institute rule changes that would result in floor traders losing business. 2012 WL 3544866, at *1 (N.D. Ill. 2012). The defendants argued the claims arose under federal law because "Plaintiffs' claims necessarily turn on a substantive federal issue because in deciding Plaintiffs' state-law claims, a court must determine whether a private party may enjoin a federally regulated entity from enforcing a rule." *Id.* at *3. Judge Darrah rejected the defendants' argument and held that the claims did not arise under federal law because the success of the plaintiffs' claims did not require interpretation or application of federal law. *Id.* at *4.

These cases teach us that to be "necessary" under the *Grable* and *Gunn* framework, the federal issue must be an "essential element" of the plaintiff's case or involve the direct actions of a federal agency. *See e.g.*, *Grable*, 545 U.S. at 315. Additionally, the federal issue presented must be a clear legal issue that the Court may rule on and set precedent for future cases in that area of law. *See, e.g.*, *Empire Healthchoice*, 547 U.S. at 700. Highly fact-specific legal issues will not suffice. *See id.*

Here, Plaintiffs' claims, including breach of fiduciary duty, fraudulent misrepresentation, and breach of contract, arise entirely under state law. The allegations in the case involve the actions of private parties and not any federal agencies. Defendants' basis for federal question jurisdiction is a defense to one of the forms of relief requested by Plaintiffs. Before even addressing the alleged federal question, we would have to determine the merits of the underlying claims. Even assuming the claims have merit, we would have to engage into a fact-specific inquiry to determine whether the injunctive relief would have the effect that Defendants allege. These fact-specific inquiries mean that this case does not present "a nearly pure issue of law" or a "context free inquiry into the meaning of a federal law." *Empire Healthchoice*, 547 U.S. at 700; *Bennett*, 484 F.3d at 910.

Additionally, the resolution of any federal question here would not be "dispositive of the case [nor] controlling in numerous other cases." *Empire Healthchoice*, 547 U.S. at 700. In fact, Plaintiffs' claims may succeed or be defeated

8

without any reference to federal law at all. This "suggests that the federal issue not only is not 'necessarily' presented, but may never be presented at all." *Chicago Tribune*, 680 F.3d at 1004.

We therefore believe that no federal issue is "necessarily" raised in this case and, thus, we do not have subject matter jurisdiction over the claims. We are confident that the state court "is competent to apply federal law, to the extent that it is relevant" and afford the parties a just determination of the merits of the claims. *Empire Healthchoice*, 547 U.S. at 701. Accordingly, this case is remanded back to the Circuit Court of Cook County.

## CONCLUSION

For the reasons mentioned above, the Court grants the Plaintiffs' motion to remand (Dkt. # 16). This case is remanded to the Circuit Court of Cook County. All remaining pending motions are denied as moot. It is so ordered.

Dated: 03/15/2021

_____
Charles P. Kocoras
United States District Judge